ORIGINAL

**FLANAGAN AND ASSOCIATES**
BY: Joseph F. Murphy, Esquire
I.D. No. 78119
150 East Chestnut Street
Lancaster, PA 17602
(717) 397-9444

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LLOYD RAHN, | : | No. 1:01-CV-033 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BRODERSON MANUFACTURING | : | CIVIL ACTION LAW |
| CORPORATION and CARSON | : | |
| CRANE, INC., | : | JURY TRAIL DEMANDED |
| Defendants | : | |

FILED
HARRISBURG, PA
JUN 20 2002
MARY E. D'ANDREA, CLERK
Per _____

**BRIEF OF THE PMA GROUP IN SUPPORT OF MOTION TO INTERVENE**

I. **PROCEDURAL HISTORY**

Plaintiff Lloyd Rahn filed a Complaint and thereafter an Amended Complaint on May 2, 2001. Thereafter a joint case management plan was filed on November 2, 2001.

On or about November 9, 2001, a case management conference was held before the Honorable Sylvia H. Rambo. In the November 9, 2001 case management order, the Honorable Judge Rambo placed the case on the October 2002 trial list, with a pre-trial conference to be held on October 4, 2002. In the Order, the Honorable Judge Rambo established deadlines for discovery, including exchange of expert reports, and motions.

## II. STATEMENT OF FACTS

This action arises out of a crane accident that occurred on March 22, 2000. While Plaintiff was operating the crane at issue in this case, the weight at the end of a cable that ran from the boom of the crane overroad the boom's tip and crashed through the operators compartment, striking Mr. Rahn on the head. As a result of the accident, Plaintiff Rahn sustained serious injuries, including a scull fracture, left brain epidural hematoma with process fractures of C7 and T1 sinus fracture, a spinal court injury and left arm paralysis. In addition, to incurring significant medical expenses, Plaintiff Rahn suffered significant lost earnings and an impaired earning capacity.

At the time of the accident, Plaintiff Rahn was employed by and working for Baker Refractories. In addition, at the time of the accident, Baker Refractories carried worker's compensation insurance through movant PMA Group. As a result of the accident, movant PMA Group paid substantial sums of money to cover medical expenses and lost wages incurred by the Plaintiff. Movant PMA Group has a significant subrogation interest in Plaintiff Rahn's action against the Defendants.

Recently, Plaintiff's counsel advised PMA Group that he will attempt to settle this matter prior to trial. Counsel further advised that he will attempt to compromise PMA's subrogation interest in an attempt to resolve the claim. Furthermore, counsel advised PMA that he would like to "settle" any and all future benefits to which Plaintiff may be entitled to from PMA if and when the matter is settled with the Defendants.

PMA Group filed a Motion to Intervene in this action. The basis of the Motion is that Movant PMA has a substantial financial interest in the litigation that will be affected by disposition of the action, and that PMA's interest in the matter is not adequately represented by existing parties. In the alternative, PMA respectfully requests that this court permit intervention by PMA in that PMA's claim and the main action have common questions of both law and fact. This brief is offered in support of PMA's Motion.

II.  **QUESTION PRESENTED**

Whether Movant PMA Group should be permitted to intervene in this action, where PMA has a substantial financial interest in the outcome of the litigation that will be affected by disposition of the matter, and PMA's interest is not adequately represented by existing parties?

Suggested answer:   Yes.

III.  **ARGUMENT**

The Federal Rules of Civil Procedure provide a right to an applicant to intervene in an action the intervenor has an interest in the outcome of the litigation, and the applicant's is not adequately represented by existing parties. Specifically, Rule 24 provides as follows:

**RULE 24.   INTERVENTION**

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action.  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may be as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

F.R.C.P. 24.

In this case, Movant PMA Group has a substantial financial interest in the outcome of the litigation by virtue of its subrogation right. Pursuant to Pennsylvania law, a worker's compensation insurer is subrogated to a Plaintiff's recovery in a third-party action by reason of the insurer's payment of benefits to the injured party. 77 P.S. §671. PMA Group, as the worker's compensation insurance carrier for Baker Refractories, paid substantial sums of money to and on behalf of Plaintiff Rahn to cover medical expenses and lost wages. In addition, it is anticipated that PMA will continue to expend significant sums of money for future medical expenses and lost wages. In light of the fact that PMA is

legally entitled to recover the sums that it is paid in worker's compensation benefits, PMA has a significant financial interest in the outcome of this litigation.

Furthermore, PMA's interest in this litigation may not be adequately protected by Plaintiff. Plaintiff's counsel has represented to PMA that Plaintiff intends to compromise PMA's subrogation interest in attempting to settle the case with the Defendants. In addition, Plaintiff's counsel has expressed a desire to compromise with PMA any future benefits to which Plaintiff Rahn may be entitled. Accordingly, Plaintiff Rahn has taken a position that is adverse to PMA's interest in this litigation. Therefore, Movant PMA Group has a right to intervene in this action and respectfully asks that the court grant this motion to intervene.

Alternatively, PMA Group seeks the permission of this court to intervene in the action. As noted earlier, PMA Group has a legal right to recover all sums that it has paid under the worker's compensation act, pursuant to Pennsylvania law. The factual issue surrounding Plaintiff Rahn's receipt of benefits and whether those benefits were reasonable and necessary, are common to both PMA and Plaintiff's claims. In addition, the legal issue of whether Plaintiff Rahn are entitled to recover those benefits in this action are identical to PMA and Plaintiff. Finally, permission to intervene in this matter will not in any way unduly delay or prejudice the adjudication of the rights of the original parties. The PMA Group does not intend to conduct any discovery, and it is anticipated that PMA's involvement prior to trial will be limited to participation in settlement discussions prior to trial. For all of these reasons, Movant PMA Group respectfully submits that permission to intervene is appropriate

## IV. CONCLUSION

For the foregoing reasons, Movant PMA Group respectfully requests that this court grant the Motion to Intervene and permit PMA Group to file an intervention complaint.

FLANAGAN & ASSOCIATES

BY: _____
Joseph F. Murphy, Esquire
I.D. No 78119
150 E. Chestnut Street
Lancaster, PA. 17602

Date: 6-19-02

## CERTIFICATE OF SERVICE

I, Joseph F. Murphy, Esquire, hereby certify that I have this day served the foregoing Motion of PMA Group's to Intervene on the following person and in the manner indicated below:

First Class Mail:

Joseph M. Melillo, Esquire
Angino and Rovner
4503 North Front Street
Harrisburg, PA. 17110

Jefferson J. Shipman, Esquire
Goldberg, Katzman & Shipman
320 Market Street
PO Box 1268
Harrisburg, PA. 17108-1268

C. Kent Price, Esquire
Thomas, Thomas & Hafner
305 North Front Street
PO Box 999
Harrisburg, PA. 17108

FLANAGAN AND ASSOCIATES

By: _____
Joseph F. Murphy, Esquire
ID No.: 78119
Attorney for Defendant

Date: 6-19-02